IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEROME D. CLARK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No.14-029-SLR ) |
| JAMES WELCH, et al., | ) ) |
| Defendants. | ) ) |

Jerome D. Clark, Howard R. Young Correctional Institution, Wilmington, Delaware. Pro se Plaintiff.

Roopa Sabesan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants James Welch and Philip Morgan.

Scott G. Wilcox, Esquire, Whiteford, Taylor & Preston, L.L.C., Wilmington, Delaware. Counsel for Defendants Kristin Hernandez, Chermain Welch, and Correct Care Solutions LLC.

George Thomas Lees, III and Stephanie Michelle Smith, Esquires, Rawle & Henderson LLP, Wilmington, Delaware. Counsel for Defendant Asia A. Jones.

**MEMORANDUM OPINION**

Dated: July l , 2015
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Jerome D. Clark ("plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HYRCI"), Wilmington, Delaware, proceeds pro se and has been granted leave to proceed in forma pauperis. He filed this lawsuit on January 14, 2014, raising dental needs claims pursuant to 42 U.S.C. § 1983. (D.I. 2) Presently before the court are State defendants' motion to dismiss (D.I. 30), and plaintiff's motions: (a) requesting service (D.I. 32) on defendant Philip Morgan ("Morgan"), former warden at the HRYCI; (b) for default judgment as to defendants Kristin Hernandez ("Hernandez") and Chermain Welch ("C. Welch") (D.I. 61); and (c) requesting counsel (D.I. 64). The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the court will deny the motions.

## II. BACKGROUND

Plaintiff is in need of dental care due to broken teeth and pain. Plaintiff has two teeth that are "truly killing" him. He alleges that defendants Hernandez, C. Welch, and Asia A. Jones ("Jones") were aware of his dental needs and refused to see that he received treatment. Hernandez, Welch, and Jones were also members of the grievance committee that denied plaintiff's grievance seeking dental care stating that "there was a dental policy to follow."

Plaintiff alleges that he had written numerous letters to Morgan seeking dental care, since August 23, 2013, to no avail. In addition, plaintiff alleges that defendant James Welch ("Welch"), Correctional Health Care Services bureau chief, rejected his grievance for dental care without ever seeing or examining him.

State defendants Welch and Morgan move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted and, in the alternative, that they are protected from liability by reason of qualified immunity. (D.I. 30). Plaintiff opposes the motion.

## III. LEGAL STANDARDS

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* Furthermore, "[w]hen there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*,

2

556 U.S. 662, 664 (2009). Such a determination is a context specific task requiring the court "to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Failure to State a Claim

As noted above, State defendants move to dismiss on the grounds that the allegations against them fail to state a claim upon which relief may be granted. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

This court previously reviewed the allegations in the complaint and found that plaintiff stated cognizable and non-frivolous claims. Nothing has changed since the court's ruling. Plaintiff adequately alleges dental needs claims against Welch and Morgan. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (When an Eighth Amendment claim is brought against a prison official it must meet two requirements: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) the prison official must have been deliberately indifferent to the inmate's health or safety.). Therefore, the court will deny State defendants' motion to dismiss for failure to state a claim upon which relief may be granted.

### B. Qualified Immunity

State defendants also seek dismissal on the grounds of qualified immunity. They argue that they relied, justifiably, upon the medical vendor to meet the dental needs of plaintiff and there are no allegations to show this justification was not reasonable.

3

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation and quotation marks omitted). The question of "whether an officer made a reasonable mistake of law and is thus entitled to qualified immunity is a question of law that is properly answered by the court, not a jury." *Curley v. Klem*, 499 F.3d 199, 211 (3d Cir. 2007). "[I]t is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009) (unpublished). A full analysis of whether qualified immunity applies to plaintiff's claims against State defendants is premature because there are unresolved questions of fact relevant to the analysis.

Therefore, the court will deny the motion to dismiss on the grounds of a qualified immunity defense at this stage of the litigation, without prejudice to State defendants' ability to later raise the defense.

## V. MISCELLANEOUS MOTIONS

### A. Motion for Service

Plaintiff moves for service of process upon Morgan. (D.I. 32) The record reflects that Morgan waived service of process on December 5, 2014. (*See* D.I. 42) Therefore, the motion will be denied as moot.

### B. Motion for Default Judgment

Plaintiff moves for default judgment against Hernandez and C. Welch. (D.I. 61) Hernandez and C. Welch oppose the motion. (D.I. 62) Hernandez and C. Welch have

appeared and answered the complaint. (See D.I. 58) Therefore, the court will deny the motion.

### C. Request for Counsel

Plaintiff requests counsel on the grounds that: (1) his claims have merit in fact and law; (2) the facts will be strongly disputed; (3) he will have difficulty obtaining discovery from medical officials and officials who no longer work for the Delaware Department of Correction; (4) expert witnesses will be necessary; (5) a jury demand has been made; and (6) law library access is "limited to none." (D.I. 64) Hernandez and C. Welch oppose the motion. (D.I. 67)

Plaintiff proceeds pro se and has been granted leave to proceed in forma pauperis. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[1] See Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. Tabron, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a

---

[1] See Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.".

5

case is likely to turn on credibility determinations; and
(6) whether the case will require testimony from expert
witnesses.

Tabron, 6 F.3d at 155-57; accord Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997); Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

3. Assuming, solely for the purpose of deciding this motion, that plaintiff's claims have merit in fact and law, several of the Tabron factors militate against granting his request for counsel. To date, plaintiff's filings indicate that he possesses the ability to adequately pursue his claims. In addition, while plaintiff complains of limited law library access, State defendants recently provided information in Civ. No. 14-753-SLR, that from November 14, 214 to March 25, 2015, plaintiff typically visited the law library twice per week, when he was serving a disciplinary infraction he could request material by correspondence and did so once or twice while in the disciplinary housing unit, and since May 9, 2015 to present he has visited the law library on several occasions. (See Civ. No. 14-763-SLR at D.I. 43) Upon consideration of the record, the court is not persuaded that representation by an attorney is warranted at this time. The court can address the issue at a later date should counsel become necessary.

## VI. CONCLUSION

For the above reasons, the court will: (1) deny State defendants' motion to dismiss (D.I. 30); (2) deny as moot plaintiff's motion requesting service on Morgan (D.I. 32); (3) deny plaintiff's motion for default judgment as to defendants Hernandez and C. Welch (D.I. 61); and (4) deny without prejudice to renew plaintiff's request for counsel (D.I. 64)

A separate order shall issue.